

Cliff Palefsky, Esq. (State Bar No. 77683)
Scott M. Stillman, Esq. (State Bar No. 267506)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Tel:     (415) 421-9292
Fax:     (415) 403-0202

Attorneys for Plaintiff
KATHERINE ADAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



KATHERINE ADAMS,

    Plaintiff,

    v.

INVESTMENT TECHNOLOGY GROUP, INC.,
and DOES 1 through 10, inclusive,

    Defendants.

**CV 13 5150** CASE NO.

**COMPLAINT
FOR DAMAGES FOR VIOLATION OF
FAMILY MEDICAL LEAVE; SEX
DISCRIMINATION; PREGNANCY
DISCRIMINATION; WRONGFUL
TERMINATION IN VIOLATION OF
PUBLIC POLICY; AND BREACH OF
CONTRACT**

**JURY TRIAL DEMANDED**

## JURISDICTION, VENUE AND THE PARTIES

1.      The First Claim of this complaint arises under the Family Medical Leave Act, 29

U.S.C. §§ 2601-2654.  The jurisdiction of this Court is founded on federal question jurisdiction,

28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3); diversity jurisdiction pursuant to 28

U.S.C. § 1332 because the plaintiff is a resident of a different state from the defendant and

because the value of the matter in controversy exceeds $75,000; and jurisdiction is also conferred

by 28 U.S.C. § 1367(a).

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                                                     1

2.     Plaintiff KATHERINE ADAMS ("Plaintiff") was a resident of the State of Oregon, living in the County of Multnomah for a period of the relevant time and was a resident of the State of Ohio, living in the County of Cuyahoga for the other portion of relevant time.

3.     Defendant INVESTMENT TECHNOLOGY GROUP, INC. ("ITG" or "Defendant") is, and at all times relevant herein was, a corporation authorized to do business in, and doing business in, California, with its corporate headquarters in New York, New York.  ITG does, and at all times relevant herein did, have an office in the County of San Francisco.

4.     Plaintiff alleges that the work duties she performed for ITG that gave rise to the allegations set forth herein were substantially performed while Plaintiff was based out of ITG's office in San Francisco, California.

5.     Venue is proper because Defendant ITG maintains a place of business in this district, as provided in 38 U.S.C. § 4323(c)(2).

6.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff will amend this Complaint to allege the true names and capacities of such Defendants when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is legally responsible in some manner for the events referred to herein, and legally caused the damages to Plaintiff as alleged herein.

7.     Plaintiff is informed and believes, and upon such information and belief alleges, that, at all times herein mentioned, ITG and DOES 1 through 10 inclusive, were the agents and employees of their co-defendants, and in doing the things herein alleged, were acting within the scope of such agency and employment.

/ / /

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                     2

## GENERAL FACTUAL ALLEGATIONS

8.      Katherine Adams began working for Majestic Research Corporation ("Majestic") in September 2006, in New York City. In March 2007, she was promoted to the position of Vice President of Sales and relocated to open Majestic's San Francisco office.

9.      In or about October 2010, ITG acquired Majestic and Plaintiff became an employee of ITG. Her job title became Vice President, West Coast Research Sales and her registered office location was San Francisco, California. Plaintiff was employed by ITG pursuant to an employment agreement, the terms of which were partially written, partially oral and partially implied.

10.     In or about July 2011, Plaintiff was promoted to Director, Research Sales.

11.     In or about May 2012, ITG hired Michael Marrale ("Marrale") as Managing Director of ITG's Research Sales & Trading and Plaintiff began reporting directly to him. After meeting with Plaintiff in or about August 2012, Marrale told Plaintiff that he was "very impressed" with her as a salesperson and "valued her". Marrale also expressed to Plaintiff that he thought she should have a bigger role at the firm and be responsible for more territory and asked her to mentor junior level women at the company.

12.     However, in or about the fall of 2012, Plaintiff informed Marrale that she was pregnant and due in February 2013. Following this disclosure, Marrale's attitude and treatment of Plaintiff changed. He began criticizing her performance, became less supportive and no longer spoke to her about moving up the ladder at ITG. Further, he twice made comments about Plaintiff's size and weight related to her pregnancy.

13.     Plaintiff's job often required her to travel and despite the demands of her pregnancy, Plaintiff continued to travel to service her clients and attend ITG meetings (primarily in New York). However, in or about November 2012, Plaintiff's obstetrician limited her travel

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                       3

due to her pregnancy, requiring ITG to accommodate these restrictions.

14.     On or about February 1, 2013, in an act of discrimination on account of her pregnancy and in retaliation for accommodating her travel restrictions and upcoming maternity leave, Marrale advised Plaintiff that her bonus was being cut drastically from the prior year. Additionally, he informed Plaintiff that the female associate who she supervised would no longer be reporting to her.

15.     ITG had a maternity leave program that became a term and condition of Plaintiff's employment to which the parties were obligated to follow and to which she was entitled to the benefit of. ITG's maternity leave policy provided employees who had been with ITG for at least three months the choice between (1) twelve consecutive weeks of leave at 100% base salary, or (2) sixteen consecutive weeks paid at 75% base salary. Further, the program allowed employees to use vacation and personal days to extend their leave.

16.     On or about February 4, 2013, Plaintiff informed ITG's Human Resources and Marrale that she would be taking sixteen weeks of leave total, comprised of the twelve-week leave option and four weeks of unused vacation. Plaintiff's leave request was approved. Indeed, she later received a letter on ITG letterhead from the third-party administrator of the plan informing her of "the requested days that are approved under the Family Medical Leave Act".

17.     Thus, on or about February 18, 2013, Plaintiff went out on approved leave under the Family Medical Leave Act with her return to work scheduled for June 24, 2013.

18.     However, on or about June 18, 2013, while Plaintiff was still on approved leave, ITG informed Plaintiff that she was terminated. Plaintiff was thereby denied her right to return to the same or comparable position following her leave. On information and belief, Plaintiff alleges that ITG terminated her in retaliation for her taking a maternity leave.

/ / /

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                                 4

19.     Plaintiff timely filed a complaint against Defendant with the Department of Fair Employment and Housing and received a right-to-sue letter on October 22, 2013.  Plaintiff has exhausted all administrative remedies as required by law.

**FIRST CLAIM**
**Violation of Family Medical Leave Act**
**(29 U.S.C. § 2601 *et seq.*)**

20.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 19 as though fully set forth herein.

21.     Pursuant to the terms and conditions of her employment, Plaintiff was approved for maternity leave under the Family Medical Leave Act ("FMLA").

22.     Therefore, Defendant was an employer subject to the requirements of the FMLA and it had a legal duty to not interfere with Plaintiff's rights under that Act.

23.     The FMLA provides an employee with the right "to be restored by the employer to the position of employment held by the employee when the leave commenced" or "to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."  29 U.S.C. § 2614.

24.     Pursuant to 29 U.S.C. § 2615, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA. Further, an employer is prohibited from discriminating or retaliating against an employee for having exercised or attempted to exercise FMLA rights.  29 C.F.R. § 825.220.

25.     As set forth above, Plaintiff informed Defendant that she was pregnant and would be taking maternity leave.  In an act of discrimination and retaliation for her pregnancy and for exercising her right to leave, Defendant drastically reduced her bonus, removed one of her direct reports and began criticizing her performance.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                                      5

26.     Plaintiff received approval for maternity leave up until June 24, 2013.  However, on June 18, 2013, Plaintiff was terminated.  She was thereby denied her right to return to the same or comparable position in violation of the FMLA and she was retaliated against for engaging in her protected right to take maternity leave.  Thus, Defendant violated the FMLA.

27.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and other benefits from Defendant.  Further, Plaintiff has suffered emotional distress and other general damages.

28.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CLAIM
### Sex Discrimination
### (California Government Code § 12940)

29.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 28 as though fully set forth herein.

30.     At all times relevant to this Complaint, California Government Code § 12900 *et seq.* and its implementing regulations were in full force and effect.

31.     Pursuant to Government Code § 12940(a), it is unlawful for an employer to terminate a person, or to otherwise discriminate against a person in the terms, conditions or privileges of employment, because of that person's sex.  Government Code § 12926(q)(A) defines "sex" as including "pregnancy".

32.     As set forth above, Defendant discriminated against Plaintiff due to her pregnancy by drastically reducing her bonus and then terminating her on account of her sex.  In discriminating against and terminating Plaintiff for this reason, Defendant violated Government Code § 12940(a).

/ / /

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                        6

33.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and other benefits from Defendant.  Further, Plaintiff has suffered emotional distress and other general damages.

34.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CLAIM
**Pregnancy Discrimination**
**(California Government Code § 12945)**

35.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36.     At all times relevant to this Complaint, California Government Code § 12900 *et seq.* and its implementing regulations were in full force and effect.

37.     Pursuant to Government Code § 12945, it is unlawful for an employer to discriminate against an employee on the basis of pregnancy, childbirth or related medical conditions and or to refuse to allow a female employee affected by pregnancy, childbirth or related medical conditions to take leave on account of pregnancy.

38.     As set forth above, Defendant discriminated against Plaintiff by drastically reducing her bonus on account of her pregnancy and the medical restrictions on her travel caused by her pregnancy.  Then, in an act of retaliation, Defendant terminated Plaintiff while on maternity leave.  Such conduct by Defendant violated Government Code § 12945.

39.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and other benefits from Defendant.  Further, Plaintiff has suffered emotional distress and other general damages.

40.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                                    7

1    disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

2    WHEREFORE, Plaintiff prays for relief as set forth below.

3
### FOURTH CLAIM
### Wrongful Termination in Violation of Public Policy
4

5    41.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1

6    through 40 as though fully set forth herein.

7    42.    It is the public policy of the State of California to prohibit employers from

8    discharging employees in a discriminatory manner, including on account of an employee's

9    pregnancy or engaging in a protected activity (e.g., taking family care leave). This public policy

10   is embodied in, *inter alia*, the California Government Code §§ 12920, 12926, 12940, 12941,
11
12   12945, 12945.2 and the California Code of Regulations.

13   43.    As described above, Plaintiff was terminated as a result of her pregnancy and for

14   engaging in protected activity–taking maternity leave. Defendant thereby terminated Plaintiff in

15   violation of public policy.

16   44.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has
17
     suffered damages including, but not limited to, a loss of income and other benefits from
18
19   Defendant. Further, Plaintiff has suffered emotional distress and other general damages.

20   45.    In doing the things alleged herein, Defendant's conduct was despicable,

21   and Defendant acted toward Plaintiff with malice, oppression, fraud, and with a willful and

22   conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

23   WHEREFORE, Plaintiff prays for relief as set forth below.

24
### FIFTH CLAIM
### Breach of Contract
25

26   46.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1

27   through 45 as though fully set forth herein.

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                                8

47.     The terms and conditions of Plaintiff's employment contained a covenant of good faith and fair dealing, pursuant to which the parties agreed to deal fairly and in good faith with each other.  Pursuant to this covenant of good faith and fair dealing, no party may engage in conduct for the purpose of depriving the other party of the benefits of the contract.

48.     The terms of ITG's maternity leave program, including the representations from the program's third-party administrator, were incorporated into and became part of the terms of Plaintiff's employment.  Pursuant to the program, ITG contractually agreed to provide Plaintiff with rights contained in the Family Medical Leave Act.

49.     However, as described above, Plaintiff was terminated while she was still on approved maternity leave.  She was thereby denied her right to return to the same or comparable position in violation of the FMLA.  Thus, Defendant breached the terms and conditions of Plaintiff's employment.  Further, in retaliating against Plaintiff for engaging in her right to take maternity leave under ITG's leave program, Defendant acted in bad faith and breached the implied covenant of good faith and fair dealing.

50.     Plaintiff performed all the covenants, conditions and obligations that were to be completed on his part, except those which were excused or made impossible to perform.

51.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays judgment as follows:

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For general damages according to proof;

2.     For special damages according to proof;

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT FOR DAMAGES                                                                                        9

1    3.    For punitive damages according to proof;

2    4.    For interest as allowed by law;

3    5.    For costs of suit herein incurred, including attorneys' fees; and

4    6.    For such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: November 5, 2013

McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff

By: _Scott M S_____
SCOTT M. STILLMAN

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292